UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY BOWEN/FIRST MUTUAL,<br><br>  Plaintiff,<br><br>v.<br><br>ROBERTA KOEHL,<br><br>  Defendant. | Civil No. 06cv2403-L(BLM)<br><br>**ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DISMISSING ACTION WITHOUT PREJUDICE** |

Plaintiff Gary Bowen, proceeding *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 against Defendant Roberta Koehl in her individual capacity. Plaintiff's complaint pertains to Defendant's sale of certain real property and raises breach of contract, fraud and lien issues. Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim on Which Relief May Be Granted ("Motion"). Plaintiff did not file an opposition. For the reasons which follow, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. The action is **DISMISSED WITHOUT PREJUDICE** to filing it in state court.

Federal courts are courts of limited jurisdiction that may adjudicate only those cases that the Constitution and Congress have authorized them to adjudicate. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994). Generally, federal courts are authorized to exercise subject matter jurisdiction only over cases involving diversity of citizenship or a question of federal law, or where the United States as a party. *See id.*; 28 U.S.C. §§ 1331, 1332, 1346(a). If a complaint includes a claim over which the court has subject matter jurisdiction, a district court

sometimes may exercise jurisdiction over related state law claims over which the court would not otherwise have jurisdiction. *See* 28 U.S.C. § 1367(a). This "supplemental jurisdiction" is appropriate when the federal and state claims form part of the same case or controversy. *Id.* If, however, the federal claim on which the court's original jurisdiction depends is dismissed for lack of subject matter jurisdiction, the court may not retain supplemental jurisdiction over any remaining state law claims. *Scott v. Pasadena Unified Sch. Dist.*, 306 F.3d 646, 664 (9th Cir. 2002).

The plaintiff bears the burden of demonstrating that jurisdiction is properly before the court. *See Thornhill Publ'g Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Where a plaintiff fails to make such a showing, dismissal for lack of subject matter jurisdiction is appropriate. *See Honig v. Doe*, 484 U.S. 305, 326-27 (1988).

Plaintiff alleges that both parties reside in California, and does not allege that they are citizens of different states. Accordingly, based on the allegations of the complaint, it appears that subject matter jurisdiction is based entirely on a federal question arising under 42 U.S.C. § 1983. *See* 28 U.S.C. § 1331.

Whether the case "arises under" federal law for purposes of federal question jurisdiction is governed by the well-pleaded-complaint rule. *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, 535 U.S. 826, 830 (2002). Under this rule, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. The federal question[] must be disclosed upon the face of the complaint." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citations and internal quotation marks omitted). To satisfy the well-pleaded-complaint rule, the federal claim must be colorable, and not "immaterial and made solely for the purpose of obtaining jurisdiction or . . . wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946).

To state a claim for a section 1983 civil rights violation, a plaintiff has to allege two elements: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege or immunity conferred by the Constitution or the laws of the United States. 42 U.S.C. §1983; *Jensen v. Lane County*, 222 F.3d

570, 574 (9th Cir. 2000). Federal courts liberally construe the "inartful pleading" of *pro se* litigants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (citations omitted). Construing Plaintiff's allegations with the requisite liberality, it is apparent Defendant was not a state actor. Rather than federal law, Plaintiff's complaint appears to be based on state law claims such as breach of contract or fraud. Accordingly, a federal question does not appear on the face of Plaintiff's complaint, and the court lacks subject matter jurisdiction to hear his case.

Since the court lacks subject matter jurisdiction, it does not have jurisdiction to address the merits of the case as presented on Defendant's motion to dismiss for failure to state a claim. "Without jurisdiction . . ., the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) (internal quotation marks and citation omitted).

For the foregoing reasons, Defendant's Motion is **GRANTED IN PART AND DENIED IN PART**. This action is **DISMISSED** for lack of subject matter jurisdiction. The dismissal is **WITHOUT PREJUDICE** to refiling the action in state court.

**IT IS SO ORDERED**.

DATED: April 3, 2007

　　　　　　　　　　　　　　　　　　　　　M. James Lorenz
　　　　　　　　　　　　　　　　　　　　　United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL